## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ANTOINETTE E. SWIEC** | * | |
| 3205 Elliott Street | | |
| Baltimore Maryland 21201, | * | |
| | | |
| **Plaintiff,** | * | |
| | | |
| v. | * | Civil Action No. _____ |
| | | |
| **HAVEN KODEK** | * | |
| Office of the State's Attorney | | |
| 100 North Calvert Street, Room 210 | * | |
| Baltimore, Maryland  21202 | | |
| | * | |
| and | | |
| | * | |
| **CYNTHIA JONES** | | |
| Office of the State's Attorney | * | |
| 100 North Calvert Street, Room 210 | | |
| Baltimore, Maryland  21202 | * | |
| | | |
| **Defendant.** | * | |
| | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Antoinette E. Swiec, by and through the undersigned attorney, hereby sues Defendants, Haven Kodek and Cynthia Jones, officials within the Office of the State's Attorney for Baltimore City (hereinafter referred to variously as "Employer" or "State's Attorney Office") for acts under color of state law that denied Plaintiff equal protection of the law, in accordance with the Civil Rights Act of 1871 42 U.S.C. § 1983.  Plaintiff contends that the Defendants took actions on behalf of the Employer that discriminated against Plaintiff as a White woman, effecting discrimination against her because of her race.

In support of this action, which she prays in relevant part be tried before a jury, Plaintiff alleges as follow:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action in accordance with 28 U.S.C. §§ 1331 and 1343, in that this action, in part, arises under the Constitution of the United States and the laws of the United States and asserts a violation of civil rights secured by the United States Constitution and by federal law.

2. Venue is proper in this Court in accordance with 28 U.S.C. § 1391(b) because the Plaintiff's causes of action arose within the District of Maryland.  In addition, there is no other district within which this action may be brought, and the Defendant governmental entity is located in the State of Maryland.

**THE PARTIES**

3. Plaintiff Swiec is a White female who, at the time of the events recounted herein, was an employee of the Defendant State's Attorney Office.   At the time relevant to the allegations of this Complaint, Plaintiff was age 60.  She resides in the State of Maryland in Baltimore City.

4. Defendant Kodek and Defendant Jones, at the time of the allegations of this Complaint, were Deputy States Attorneys within  the State's Attorney Office, an agency of the State of Maryland created under State law for the purpose of prosecuting criminal offenses under the law of the State of Maryland within the City of Baltimore.  The principal office for the Employer is located at 100 North Calvert Street, Room 210, Baltimore, Maryland.   Within the sphere of activities created for this Employer, the Employer had assumed legal responsibility for supervising and administering staff of the Employer, and Defendants Kodek and Jones exercised that responsibility on behalf of the Employer.  Defendants Kodek and Jones are attorneys licensed to practice law in the State of Maryland, and both Defendants reside within the State of Maryland.  This action is brought against Defendants Kodek and Jones only in their individual capacities respectively.

**BACKGROUND FACTS**

5. Beginning in 1985 and continuing until November 2010, Plaintiff worked in the State's Attorney's Office. She had progressed over the years such that, in late 2010, she exercised responsibilities as the Office Manager in the Firearms Investigation and Violence Enforcement Unit, known within the office as the FIVE Unit.

6. As office manager of the FIVE Unit, Plaintiff supervised a clerical staff that was exclusively African American and predominantly young. Of the four staff members that she supervised as of the fall of 2010, all but one was aged in their twenties. Plaintiff's supervisor in this position was Assistant State's Attorney Matthew Fraling, III, Division Chief of the FIVE Unit, an African American male in his late forties. Over the last several years, she had been engaged in dealing with a staff that had difficulty conforming to the requirements of a professional workplace. On a number of occasions, she had to bring legitimate issues of staff performance and discipline to the attention of Mr. Fraling. Mr. Fraling, however, often avoided the performance and discipline issues that Plaintiff brought to his attention simply by ignoring many of the concerns. By November 1, 2010, Ms. Swiec believed that she was beginning to make progress with the staff, when Mr. Fraling approached her with a suggestion that she move from the FIVE Unit to exchange positions with the clerical supervisor of the Economic Crime Unit, where she would supervise a staff that included all White lawyers and support staff of two older Black clerical workers and a White investigator.

7. In Plaintiff's conversation with him, Mr. Fraling clarified that the proposed move had nothing to do with her performance, noting that the issue was more what he referred to as promoting a "better mix." When she asked him where the idea came from, he assured her that the front office supported the move. Later that day, Plaintiff met with Yvonne Fisher, an African American female in her forties, who served as a personnel liaison in for the State's Attorney's

3

Office. Ms. Fisher encouraged Plaintiff to explore the move, offering that she should move to an office where she was "better suited," because, in Ms. Fisher's words, Plaintiff "won't have to deal with the 'youngens.'" After Ms. Fisher had encouraged Plaintiff to think about the move, Plaintiff gave no indication that she had or would agree to it.

   8. Later that week, events transpired in which Plaintiff's nephew was to appear for jury duty in the Circuit Court for Baltimore City. Plaintiff and her nephew had agreed to meet for lunch. On November 4, 2010, the young man reported to the Circuit Court for jury duty and indicated to Plaintiff earlier that morning that he was then being considered for a jury before the Honorable Emanuel Brown of the Circuit Court for Baltimore City. He gave no indication of when he expected to break for lunch. As the lunch hour approached, in order to accommodate her schedule, Plaintiff briefly shared her concerns with an attorney in the office, who suggested that she call the Judge's chambers for some indication when the court would break for lunch. She followed the lawyer's suggestion, and learned very little. It turned out that she could not coordinate her own work schedule with my nephew's availability to have lunch.

   9. The next day, on or about November 5, 2010, Plaintiff was informed by an attorney in the office that Judge Brown had summoned her to appear in his court. Plaintiff responded to Judge Brown's courtroom to find that an Assistant State's Attorney was present, who refused to acknowledge her presence while Judge Brown admonished her for an alleged impropriety involved in calling his chambers to inquire regarding her nephew's availability during a lunch break.

   10. Upon returning to the office, she was confronted by Defendant Kodeck, a White male, and Defendant Jones, an African American female. Without much opportunity for her to explain, these individuals further chastised her for an alleged impropriety in contacting the

4

Judge's chambers, asserting that she should have known better, and then presented her with a letter advising that her employment had been terminated.

11. The circumstances of this alleged termination had no basis and were pretextual. First, had Plaintiff's communication with the chambers of Judge Brown actually been improper, the suggestion that Ms. Swiec call the Judge's chamber should never have been made by an attorney in the office. Nonetheless, Plaintiff called the judge's chambers as a result of such a suggestion. Furthermore, no provision of the Maryland Lawyer's Rules of Professional Conduct makes contact by a person in Plaintiff's position or even by another lawyer in the office inappropriate, unless that person was someone directly involved with the case then before Judge Brown. Such was not the case with respect to Plaintiff's contact.

12. Plaintiff's termination served only the Employer's interest of accommodating the interests of the uniformly African American staff that Plaintiff supervised in the FIVE Unit, which staff was primarily in their twenties in age. The interest of the Employer was to satisfy the desires of the exclusively African American staff to see Plaintiff removed as their supervisor one way or the other. With Plaintiff having resisted a voluntary transfer, her termination on the pretextual basis of the contact with the judge's chambers met the employer's need to resolve a staffing problem of racial and age dimensions. The actual reason for Plaintiff's termination was based then upon her race, gender and age.

## CAUSES OF ACTION

### COUNT I
### (Race Discrimination in Violation of Equal Protection)

13. Plaintiff realleges the assertions made in paragraphs 1 through 12 as if these paragraphs had been fully set forth herein.

14. As officials within the Baltimore City State's Attorney's Office, Defendants Kodek and Jones acted under color of State law when they deprived Plaintiff of equal protection of the

law when they proceeded to remove Plaintiff from her position as a result of a pretextual decision to discipline her for improper contact with the chambers of Judge Brown, when such contact was not in fact improper. In fact, the Defendants proceeded against Plaintiff because she was an older White woman supervising an office staff of African American younger employers who, for reasons of race, resisted her supervision. When Plaintiff resisted transfer to an assignment supervising a racially different staff composed more significantly of White employees, workers, Defendants used the pretext of her contact with the chambers of Judge Brown to resolve a staffing problem, driven to act by considerations of the Plaintiff's race.

15. In so proceeding on behalf of the Employer, Defendants acted with malice deliberately to injure the federally protected interests of Plaintiff.

16. As a direct and proximate result of the Defendants' wrongful acts, Plaintiff has suffered, and will continue to suffer, actual damages, humiliation, embarrassment, as well as pain and suffering, from actions undertaken by Defendants to discriminate against Plaintiff reasons of her race.

WHEREFORE, Plaintiff Swiec demands judgment against Defendant Employer for compensatory damages of Four Hundred Thousand Dollars ($400,000.00), plus legal fees, costs, expenses of suit, and such other relief, injunctive or otherwise, that the Court or a jury may deem proper.

Respectfully submitted,

/s/
John H. Morris, Jr.
Trial Bar No. 00325
1210 East 33rd Street
Baltimore, Maryland 21218
(410) 366-5683

Attorney for Plaintiff Swiec

## REQUEST FOR JURY TRIAL

Plaintiff, Antoinette E. Swiec, by and through the undersigned attorney, hereby requests trial by jury with respect to such portions of her claim as to which she is entitled a jury trial.

/s/
John H. Morris, Jr.